## THE GLEN COVE MUTUAL INSURANCE COMPANY *vs.* WILLIAM HARROLD, jun. and WILLIAM HARROLD.

Rights of action which had accrued previous to the time when the code was enacted, and which then existed, are expressly excluded (by sec. 66) from the operation of the section which requires that a new promise, in order to take a case out of the statute of limitations, shall be in writing.

A contract to guaranty the payment of a promissory note, although made simultaneously with the note, and written upon the same paper, and upon a consideration advanced on the credit of the guarantor, conformably to a previous understanding, must *express* the consideration upon which it is made, or it will be void.

THE nature of this action, and the material facts, are stated in the opinion of the court. This was a motion for judgment, after a trial at the circuit.

*W. S. McCoun,* for the plaintiff.

*E. J. Beach,* for the defendant Wm. Harrold.

S. B. STRONG, J. This action is to recover from the defendants the unpaid balance of the principal sums of money specified in three promissory notes made by William Harrold, jun. and the payment whereof was guarantied by his father William

Glen Cove Mutual Insurance Company *v.* Harrold.

Harrold, the said two defendants, with interest on each note at the rate of six per cent per annum from the 1st day of April, 1848. The notes with the guaranties thereon are in the words and figures following:

"$100. On demand I promise to pay Elwood Valentine, treasurer of the Glen Cove Mutual Insurance Company, or his successors in office, one hundred dollars, with interest at six per cent per annum, for value received.

Glen Cove, May 13, 1843. WILLIAM HARROLD, jun."
(Indorsed) "I guaranty the payment of the within note.
WILLIAM HARROLD."

Interest paid yearly up to the 1st of April, 1848, and $10 of the principal paid 4th January, 1849. The payments being indorsed on the note.

"$450. On demand I promise to pay Elwood Valentine, treasurer of the Glen Cove Mutual Insurance Company, or his successor in office, four hundred and fifty dollars, with six per cent interest from date, for value received.

Glen Cove, Sept. 22, 1843. WILLIAM HARROLD, jun."
(Indorsed) "I guaranty the payment of the within note.
WILLIAM HARROLD."

Payments indorsed of interest annually up to 1st April, 1848, and of $40 on account of the principal, 4th January, 1849.

"$200. On demand I promise to pay Elwood Valentine, treasurer of the Glen Cove Mutual Insurance Company, or his successor in office, the sum of two hundred dollars, with interest from date at six per cent per annum, for value received.

Glen Cove, Feb. 13, 1846. WILLIAM HARROLD, jun."
(Indorsed) "I guaranty the payment of the within note.
WILLIAM HARROLD."

Payments indorsed of interest annually up to 1st April, 1848, and of $20 on account of the principal, 4th January, 1849.

The notes were given for moneys loaned at their respective dates, by the plaintiffs, to William Harrold, jun. One of the terms of the loans in each case was that the payment of each note was to be guarantied by William Harrold. This was com-

municated to William Harrold when he signed the guaranty on each note. The money in each case was paid to William Harrold, jun. on his delivering the note with the guaranty indorsed upon it, and signed by Wiliam Harrold, and principally upon the credit of the guarantor. The payments indorsed were made by William Harrold, jun. without the participation of William Harrold. In the year 1849, William Harrold promised verbally to pay the three notes in a given time, which expired before the commencement of this action, and said that he wanted to have time to turn himself. He also said that his son William would ruin him, and that he would have to sell his property.

William Harrold (the father) alone answered the complaint. He admits the signing of the notes by the maker, and of the guaranties by himself. One point upon which he insists is that the right of action, if any ever existed against him, was barred by the statute of limitations. This objection was fully raised and taken in his answer. The revised statutes and the code both provide that actions upon contracts not under seal must be brought within six years after the cause of action shall have accrued. Under the revised statutes the cause of action might be continued or revived by a mere verbal promise such as was made in this case. The code, however, provides that such promise, to be valid, in cases coming under its operation, must be in writing. That however is inapplicable to the case under consideration, as it is expressly declared (original § 66) that the *title* in which it is included shall not extend to cases where the right of action had then accrued. In this instance the right of action, if any, had accrued and existed at the time when the code was enacted. I am satisfied, notwithstanding what was said in *Wadsworth* v. *Thomas*, (3 *Code Rep.* 227,) that a case like the present is expressly excluded from the operation of the section requiring that the new promise, to be valid, must be in writing.

The more material question however is, whether William Harrold, the guarantor, was ever legally bound for the payment of these notes. The objection to his liability is that no consideration is expressed in either guaranty. I must confess that an-

Glen Cove Mutual Insurance Company *v.* Harrold.

tecedently to a late decision in the court of appeals my opinion was that if the principal contract and the guaranty are both on the same piece of paper and were written at the same time, they should be considered as one transaction, and the signature of the guarantor should be deemed a subscription by him not only to the guaranty, but also to the acknowledgment of the consideration in effect expressed by the principal contract, and that both, taken together, should be considered as a compliance with the statute. I so expressed myself in the court of appeals in the case of *Brown* v. *Curtis*, (2 *Comst.* 233,) and as I then supposed, and still think, the opinion was sustained by five of the other then judges of that court. It is true I intimated an impression that this might have in effect rather overstrained what is actually done by the guarantor in order to meet the equities of particular cases; but I added that, (as I then thought) the rule had been settled in the court for the correction of errors. Judge Jewett, in the case of *Durham* v. *Manrow*, (2 *Comst.* 550,) says that there are many cases to show that a guaranty made at the same time with the principal contract, and constituting an essential ground of the credit given to the principal debtor, requires no other consideration than that which upholds the principal contract; and that it had also been held that in such cases the consideration need not be expressed in the written guaranty, but may be shown by parol evidence. True, he did not concur in the propriety of the rule, but I cite his authority to show his assent to what I have stated was the effect of previous decisions. However all these decisions (including those made by our court of dernier resort) were overruled by the court of appeals in the case of *Brewster* v. *Silence*, decided in April, 1853.(a) There, as in this case, the note and guaranty were signed simultaneously, and the consideration was advanced upon the credit of the guarantor, conformably to a previous understanding. But it was decided that the guaranty was void. That is the latest decision, and I must submit to its authority.

There must be judgment against the defendant William Har-

(a) 4 *Selden,* 207.

rold, jun. for the amount due on the three notes, and the costs against him, and in favor of William Harrold, (the father,)to be entered as of the day of the trial.

[WESTCHESTER SPECIAL TERM, June 5, 1855. *S. B. Strong*, Justice.]